UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HEIDI LYNN JOHNSON,<br><br>　　　　　　　　　Defendant. | NO. 2:19-CR-0081-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Motion to Expedite. ECF Nos. 28, 29. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion to Reduce Sentence, ECF No. 28, is denied.

## BACKGROUND

On May 8, 2019, Heidi Lynn Johnson appeared before the Court and entered a plea of guilty to a one-count Information filed on April 18, 2019, charging her

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

with Embezzlement and Theft from Indian Tribal Organizations, in violation of 18 U.S.C. § 1163. ECF Nos. 9, 11. On August 2, 2019, this Court sentenced Defendant to a 12 month term of imprisonment consecutive to the state sentences in two Spokane County Superior Court cases, followed by a 3-year term of supervised release, and a $47,401.83 order of restitution. ECF No. 25. Defendant was remanded to the custody of the United States Marshal to begin her term of imprisonment. *Id*. Defendant's projected release date is July 31, 2020.

On April 2, 2020, Defendant submitted a compassionate release request to both FDC SeaTac and to BOP's regional legal counsel. ECF No. 28 at 17. On April 15th, Defendant notified her attorney via phone that she received a letter stating she did not meet BOP's criteria. *Id*. Defendant has not, however, completed whatever appeal process BOP created. *Id*. On April 16, 2020, Defendant then filed the instant Motion to Reduce Sentence for this Court's review. *Id*. Defendant argues that she should be granted compassionate release because "if she contracts coronavirus, her asthma puts her at extreme risk of life-threatening complications." *Id*. at 32. Defendant concedes that there are no documented infections at FDC SeaTac. *Id*. at 34.

# DISCUSSION

## A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The

Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

### B. Exhaustion or Lapse of 30 days

Defendant has not exhausted her administrative remedies or waited 30 days after submitting her request to the warden of the institution where she is housed. Accordingly, the Government objects to the Court's authority to rule on the motion before that time. ECF No. 30 at 12 ("Even if the exhaustion requirement of § 3582(c)(1)(A) is not jurisdictional, it is at least a mandatory claim-processing rule and must be enforced if a party 'properly raise[s]' it." (Citation omitted)).

Thirty days has now elapsed since Defendant submitted her request to the warden on April 2, 2020, thus, the Court now has jurisdiction to proceed.

### C. Extraordinary and Compelling Reasons

Defendant argues that her medical condition presents an extraordinary and compelling reason to justify a reduction in sentence. ECF No. 28. The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the

Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4)

1  other reasons, other than or in combination with the other listed circumstances, that
2  are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.
3        Defendant argues that her "severe asthma" and "history of asthma-related
4  complications to viruses" warrant early release to home confinement. ECF No. 28
5  at 5-7. Significantly, Defendant does not allege that she is currently ill and admits
6  that her inhaler is used 2-3 times per day to keep her breathing natural. *Id*. at 7.
7  Defendant does not argue that her age (late 40s) makes her more susceptible.
8  While Defendant argues that "This is no idle concern—inmates are catching the
9  virus and dying while these motions are litigated," ECF No. 28 at 32, none of those
10 cases are at FDC SeaTac. She argues that she presents a compelling case, "if she
11 contracts coronavirus, her asthma puts her at extreme risk of life-threatening
12 complications." *Id*. However, whether housed in prison or detained at home, the
13 virus continues to spread throughout society. She argues there is no time to "wait
14 for the infection to spread before release—now is the prudent time." *Id*. at 34. But
15 where is Defendant safer from the threat—in a facility with no known cases, or in
16 public with thousands of confirmed cases? Fear of the virus does not warrant
17 immediate release. There are no extraordinary and compelling reasons for a
18 reduction in sentence.
19       Because Defendant does not make this initial showing of qualifying
20 circumstances for compassionate release, Defendant's other arguments regarding

the minimal risk of danger she poses to the community and the § 3553 sentencing factors are not dispositive of her request. ECF No. 28 at 34-35. Although Defendant's health condition is unfortunate, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Expedite, ECF No. 29, is **granted**.

2. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 28, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** May 4, 2020.

THOMAS O. RICE
Chief United States District Judge